## CARTER v. BEALS.

Upon a case reserved the court will not consider a general objection to evidence as having been made upon the ground that it was to prove the contents of a written instrument, where no such specific objection is stated in the case.

Where the defendant in her deposition had properly declined to answer several questions, upon the ground that the answering of them would disclose the manner in which she proposed to prove her case; — *Held*, that the court properly refused to allow the plaintiff to read those questions and answers to the jury, or to permit the plaintiff to inquire of the defendant, who testified at the trial, how the answering of such questions would have disclosed the manner in which she proposed to prove her case.

Where the defendant is present, and testifies at the trial, her deposition, if it contain any material admission, may be used by the plaintiff to prove such admission, as well as to contradict the testimony given by the defendant at the trial.

A certificate of the magistrate in the caption of a deposition, that the adverse party " was present, and did not object to the taking," is sufficient, under the last clause of section 20 of chapter 188 of the Revised Statutes, requiring the magistrate to certify that the adverse party " did or did not object."

A verdict will not be set aside because of the admission of evidence which was merely immaterial, and could not have prejudiced the party objecting to it.

Where evidence of a payment of money by A to B is admissible and material, A's declaration, that it is the money of C that he is paying, accompanying the act, is also admissible.

Where the motive of a party in doing an act is in question, it is competent to show that he was induced to do the act by what he had learned from third parties.

A verdict will not be set aside merely because the party in whose favor it is, has been permitted to introduce immaterial evidence to explain immaterial evidence introduced by the adverse party.

The certificate of the magistrate taking a deposition, that the cause of taking was that the deponent lived more than ten miles from the place of trial, is not conclusive evidence of the distance, but the court will receive evidence upon that question, when such deposition is offered.

Where a defendant had declined to answer questions in a deposition taken by the plaintiff, and the questions and answers contained no admission or denial of any material matter, and the defendant, though present at the trial, was not a witness; — *Held*, that such questions and answers were properly excluded.

In a suit against a married woman no inference against her can be drawn from the fact that her husband does not testify.

But where a party to a suit is a competent witness, the questions whether any, and if so what inferences are to be drawn from the fact that he does not testify, are for the jury.

Where a wife is seized in fee, to her sole and separate use, of an undivided interest in land, and her husband is seized of the remaining undivided interest in the land, an execution against the husband can not, as against her, be extended upon a part of such land by metes and bounds, although the officer making the extent has, upon the application of the husband and wife, caused the residue of the land to be set off by metes and bounds as a homestead.

In this State a disseizee, who has a right of entry as against his disseizor, may, without actual entry, maintain trespass *quare clausum* against the disseizor continuing in possession, for acts done by him after the original disseizin.

THESE two actions in favor of Nathaniel Carter were tried together. The last was a real action against Rhoda Beals for the recovery of a tract of land in Haverhill; the former was for trespass, said to be committed on the same premises, and which the defendants, who were Bradford and Charles Beals, justified, as tenants and servants of Rhoda Beals, under a brief statement filed with the general issue.

The plaintiff recovered judgment against Bradford Beals, who

was the husband of Rhoda Beals, and levied his execution upon the farm of which the premises in question were part. Beals and his wife applied to the officer to set off to them a homestead, which was accordingly done by metes and bounds, and the levy was completed on the residue.

Mrs. Beals claimed the property as her own, produced her deed, made to her to her sole and separate use, free from the interference and control of her husband, and offered evidence tending to prove that the consideration was paid by her with one thousand dollars of her own money, earned by her own labor, before her marriage in October, 1844, which had never been claimed by her husband, nor reduced by him to his possession, and which she had continued to hold as her separate property, due upon notes and other securities, and by her note for three hundred dollars for the balance. The plaintiff contended, and offered evidence tending to prove that the price of the property was paid with money of the husband, earned by him in California, sent from there to his wife, or brought by him from there on his return.

The principal question raised upon the evidence, and submitted to the jury, was, whether the money paid for the farm was the sole property of Mrs. Beals, or was in part or all the property of .her husband.

Mrs. Beals was a witness. She was asked who gave the security for the balance of $300 over the sum of $1000 which she testified she paid. Objection was made to the question, and to her answering it, which was overruled by the court, and she was permitted to answer, and the plaintiff excepted.

The deposition of Mrs. Beals had been taken by the plaintiff. She declined to answer many questions, on the ground that she could not answer them without disclosing the manner in which she expected to prove her case. The plaintiff proposed to ask her to explain how the answers she had declined to give could disclose the manner in which she expected to prove her case, and to read the deposition to the jury; but the court held that she had a right to judge if the answers would disclose her case, and that her deposition could not be read, nor could she be examined as to what she testified, unless for the purpose of contradicting her testimony on the stand ; and the plaintiff excepted.

The deposition of Alfred Hoitt, offered by the defendants, was objected to, because it was stated in the caption that the plaintiff was present and did not object " to the taking"; but it was admit- and the plaintiff objected.

On his reëxamination, Mr. Hoitt was asked what was the nature and extent of his business, and he gave an account in detail, stating his business to be large. The plaintiff objected to the evidence, as not explanatory, or connected with any thing he had before testified, but the court admitted it, and the plaintiff excepted.

William Boyd, in his deposition, testified that he had been acquainted with Mrs. Beals fifteen years or more ; that he borrowed money of her, about $75, about 1841, before her marriage; that he was not then acquainted with her. John W. Joy got the money for him. The note was given to her, and was paid to her. He thought she

was present, and Joy did the business. He did not know whose money it was, but understood it to be hers. The note ran to her. He knew the money to be hers only from what was said. Objection was made, but the evidence was held competent, and the plaintiff excepted.

It appeared in evidence that George H. Gleason was the owner of the premises in question, and that he made the deed of the same to Mrs. Beals, as before stated. It also appeared, on cross-examination of Mrs. Beals, that one Hardy made to Mrs. Beals, about the same time, a deed in the same form, of a tract of land now claimed by said Gleason. Mr. Gleason testified that the deed of this land was thus made to Mrs. Beals at his request, and the consideration paid for the same was his money. The defendants proposed to ask him what motive there was for taking the deed to Mrs. Beals, and for what purpose it was so made. The plaintiff objected to the question, and to the witness being allowed to answer it, but the court overruled the objection, and the plaintiff excepted; and the witness testified that the reason the deed was made to her was, that he had heard that Hardy had said that he would never deed the property to him, and he therefore got Mrs. Beals to buy the place for him, and take the deed in her own name. Objection was made to the answer, and was overruled, and an exception taken.

The deposition of Joseph Hardy was offered. The cause of taking certified by the justice, in the caption, was, that the deponent lived more than ten miles from Haverhill, the place of trial. The defendants objected to its admission, because the deponent then and since lived within ten miles of the court house, and offered affidavits to prove that fact. The plaintiff objected to their admission, but the court received them; and the fact being clearly proved, rejected the deposition, and the plaintiff excepted.

The plaintiff read in evidence the deposition of Bradford Beals, one of the defendants, with a view to prove that the land in question was purchased with his money. Many questions were asked him as to what he did with the money he had in California, or received from there, or how he had disposed of it, all of which he refused to answer. The following are some of the questions so proposed, and of the refusals made to answer:

*Int.* 74. Did you receive any draft from California yourself at any time?

*Ans.* I do not know as I could answer without disclosing my defense, and I decline to answer further.

*Int.* 97. How much was the draft, and who was it on?

*Ans.* I can not answer that without disclosing my defense, and I decline to answer further.

*Int.* 100. What amount did you bring home yourself beside the draft?

*Ans.* I can not answer the question without disclosing my defense. I decline to answer further.

Other questions were put, and answers declined, as follows:

*Int.* 119. Did you borrow any money of any one to go to California with the first time?

*Ans.* I think I could not answer that question without disclosing my defense.

*Int.* 151. Have you, since your return from California, or has any one else for you, received any money or property from Mr. Joy out of the Island-Pond House? — [A place admitted once to have been the property of the husband, and never the property of the wife.]

*Ans.* I think I can not answer without disclosing my defense, and names of witnesses.

The defendants objected to the reading of any of said interrogatories and answers. The court sustained the objection, and the same were rejected, and the plaintiff excepted.

The counsel for the plaintiff argued to the jury that inferences might be drawn against the defendants from the fact that Bradford Beals, though present, was not called as a witness. But the court instructed the jury that they were not at liberty to draw from that fact any inference unfavorable to either party, since either party was at liberty to call him, if they pleased, and the plaintiff had a right to cross-examine him, whether he was called on the one side or the other.

The plaintiff asked the court to charge the jury that if they found Bradford Beals had any interest in the premises levied upon, by paying a part of the purchase with his own money, the levy would be valid to pass the interest he had ; but the court declined to do so, and did charge them that if they found that Bradford Beals paid a part only of the purchase money, and thus became seized of an undivided interest in the farm, the levy as it was made would be defective and invalid, and they should find their verdicts for the defendants.

The court charged the jury that if the land levied upon remained in the actual possession of the defendants, holding adversely to the plaintiff's title, and they actually kept him out of possession, the plaintiff could not recover, in trespass, for any subsequent acts done while they were so in possession, until he had entered on the land, or recovered possession by law, notwithstanding they should find that the land passed to the plaintiff by the levy, and notwithstanding the plaintiff received and acknowledged seizin and possession of the premises from the officer making the levy.

To these instructions the plaintiff excepted. The jury found verdicts for the defendants, which the plaintiff moved might be set aside by reason of said exceptions.

*Woods & Binghams*, and *Bryant*, for the plaintiff.

*Hibbard*, and *Felton*, for the defendants.

BARTLETT, J. The only objection now suggested to the question proposed to Mrs. Beals is that it called for the contents of a written instrument. As no such specific objection was taken at the trial, we need not inquire whether it might have been successfully taken. *Currier* v. *B. & M. Railroad*, 34 N. H. 498 ; *Haynes* v. *Thom*, 28 N. H. 386; *State* v. *Flanders*, 38 N. H. 324.

Chapter 2090 of the Pamphlet Laws provides that the deposition of any party to a suit, competent to testify under the act of 1857, may be taken, but that such party " shall not be obliged to answer any question or produce any document, the answering or producing of which would tend to criminate himself, or disclose his title to any property, the title whereof is not material to the trial of the action in the course of which he is interrogated, or to disclose the names of the witnesses by whom or the manner in which he proposes to prove his own case." Mrs. Beals declined in her deposition to answer several questions upon the last of these grounds. There is nothing to show that she was in error as to this, or that her refusal was a mere pretext, and we must take the refusal to have been properly made. *Janvrin* v. *Scammon*, 29 N. H. 290; 1 Greenl. Ev., sec. 451. The court properly refused to allow the plaintiff to read those questions and answers, for they neither admitted or denied, nor tended to prove or disprove any thing material upon the issue; nor did they tend to contradict Mrs. Beals, or show any improper conduct on her part, in withholding evidence or otherwise, since she only availed herself of her right under the statute. As the questions and answers were not evidence in the case, it was immaterial how answering the questions would have disclosed the manner in which Mrs. Beals proposed to prove her case. Whether the remark of the court, " that the witness had the right to judge if the answers would disclose her case," is unqualifiedly correct, is unimportant here, as it was merely the reason assigned for the ruling. *Carpenter* v. *Pierce*, 13 N. H. 403. However, in the suit against Mrs. Beals the plaintiff was not confined in the use of her deposition to mere contradiction of her testimony, but he might use it to show any admission it might contain. The ruling of the court was broad enough to exclude this use, and was so far wrong; but if it appeared that the deposition contained no material admission, the verdict would not be disturbed on this ground. *Bassett* v. *Salisbury Co.*, 28 N. H. 457.

We think the certificate in the caption of Hoyt's deposition, that " the plaintiff was present, and did not object to the taking," was. sufficient, under the last clause of section 20, chapter 188 of the Revised Statutes. Upon the case as stated, the portion of that deposition objected to seems to have been quite immaterial, and we do not think it could have been prejudicial to the plaintiff.

Two objections only are urged to the testimony of Boyd. The first is that he states the contents of a promissory note; but as this objection was not taken specifically at the trial, we need not consider it here. The second objection is that it contains mere " hearsay;" but the declarations thus objected to were made at the time of the loan, and were competent, as a part of the *res gestæ*, if not upon any other ground. *Hall* v. *Young*, 37 N. H. 144; *Johnson* v. *Elliott*, 26 N. H. 76; *Sessions* v. *Little*, 9 N. H. 276; *Bradley* v. *Spofford*, 23 N. H. 444.

If the evidence introduced by the plaintiff as to the Hardy deed was material, then it was quite proper for Mrs. Beals to be allowed to explain it; and Gleason's statement of what he had heard was competent in this connection, to show the motives of the parties to

the transaction, and rebut any inference of fraudulent intent that the plaintiff might attempt to found upon it. 1 Greenl. Ev., sec. 101; *Parris* v. *Jenkins*, 2 Rich. 106 (7 U. S. Dig. 242, 357). If, however, that evidence was immaterial, the plaintiff can not object merely because of the immateriality of the evidence introduced to explain it. *Bank* v. *Woodward*, 5 N. H. 309. The affidavits in relation to the residence of Hardy were properly received by the court, and the rejection of his deposition was right. *Wyman* v. *Perkins*, 39 N. H. 218.

Bradford Beals, in most of the answers in his deposition, as stated, does not in terms give the statutory reason for declining to answer; but the questions and answers prove nothing; they contain no admission or denial of any material matter, and, as he was not a witness, were not admissible to affect his credibility. In the real action no inference could be drawn from the fact that Bradford Beals did not testify, because he could not be a witness for or against his wife; *Kelley* v. *Proctor*, 41 N. H. 139; and as the ruling was right, it is of no consequence that the reason assigned was incorrect. But in the other suit he was a competent witness, and whether any, and if so what, inferences were to be drawn from his not testifying, would depend upon the circumstances of the case, and would be matters for the jury. *Ela* v. *Kimball*, 30 N. H. 135. If Bradford Beals was seized of an undivided interest in the land, as against Mrs. Beals' holding the remaining interest to her sole and separate use, the levy upon a portion of the premises would be invalid; *Hall* v. *Young*, 37 N. H. 149; nor is this affected by the set-off of the homestead. Whether there was any defect in setting out the homestead, which would invalidate the levy (see *Fogg* v. *Fogg*, 40 N. H. 282), we need not consider, for the set-off of the homestead did not make partition, or extinguish the interest of either of the owners. They still remained seized of undivided interests in the whole premises, and the ordinary rule must apply. If the defendants had disseized the plaintiff of the land set off to him, he would still have the title and a right of entry as against them, and therefore in this State could maintain trespass *quare clausum* against them without actual entry. *Dexter* v. *Sullivan*, 34 N. H. 480; *Tappan* v. *Tappan*, 36 N. H. 120; and see *Cochran* v. *Williams*, 30 N. H. 383. The defendants urge that this ruling, and that in relation to drawing inferences from the fact that Bradford Beals did not testify, were only important upon the question of title, and have become immaterial upon the finding of the jury in the real action; but we need not consider this suggestion, for, as the case now stands, that verdict must be set aside.

*Verdicts set aside and new trials granted, unless an amendment of the case is obtained.*